UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

ANDREW B. SHEETS,　　　　　　　Case No. 2:25-cv-00493-JLB-KCD

Plaintiff,

v.

DAVID JOSEPH LIPKER, in personal capacity, and

CITY OF PUNTA GORDA,

Defendants.

---

## JUDGE ORDERED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

---

Pro Se Andrew Sheets respectfully submits: JUDGE ORDERED SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

-

"On April 26, 1968, the defendant was observed in the Los Angeles County Courthouse in the corridor outside of division 20 of the municipal court wearing a jacket bearing the words 'Fuck the Draft' which were plainly visible." *Cohen v. California,* **403 U.S. 15 (1971)**

It is, in sum, our judgment that, absent a more particularized and compelling reason for its actions, the State may not, consistently with the First and Fourteenth Amendments, make the simple public display here involved of this single four-letter expletive a criminal offense. *Cohen v. California,* **403 U.S. 15 (1971)**

This law has been on the books for 5 ½ decades, and it clearly establishes the Plaintiff may wave a flag that says "FUCK joe Biden". At this point a city passing an ordinance; and officers violating their oath to enforce this blatantly unconstitutional ordinance, has become a degree of tyranny. The word Fuck is not a crime.

## JURISDICTION AND VENUE

This court has subject matter over jurisdiction this matter pursuant to 28 U.S.C section 1331 and 1343(a)(3) as well as 42. U.S.C section 1983 and Florida Law. Venue in this judicial district and division is proper pursuant two 28 U.S.C. Section 1391(b) and M.D. Fla. Loc. R. 1.02

## PARTIES

ANDREW B SHEETS is a resident of Punta Gorda Florida, in Charlotte County during relevant times of this Complaint.

DAVID JOSEPH LIPKER is a Police officer; for the City of Punta Gorda. In Punta Gorda Florida, in Charlotte County during relevant times of this Complaint.

CITY OF PUNTA GORDA is a municipality; in Punta Gorda Florida, in Charlotte County during relevant times of this Complaint.

## Factual Allegations

Plaintiff has been involved in a literal war of words between himself and the entire Punta Gorda police department. The war of word started long before 2018; and is, an infinite battle, that is continuous. Through the doctrine of shared knowledge all Punta Gorda police officers do know Mr. sheets Government accountability and anti police viewpoint. It is more than likely that Plaintiff has cussed out; each and every police officer, who works for the city of Punta Gorda. Mr. sheet belittles any Punta Gorda officer; with a verbal, tirade of profanities  whene he believes is violates his rights.  There are over 20 incidences where Mr. sheets has, been given a tickets, trespassed and or physically intimidated by Punta Gorda police officers for Plaintiff engaging in free speech.  Below is email where all supervisor were contacted by Justin Davoult regarding a $25 code violation against Plaintiff around Dec 23,2020.

Punta Gorda Police Dept has around 45 officer's total. All are aware of Plaintiffs viewpoint.

> From: Justin Davoult
> Sent: Wednesday, December 23, 2020 3:23 PM
> To: Shane Chodakowsky; Joshua Girard; Chris Salsman; Justin Kleiver; Kelvin Jimenez; Cody Smith; David Lipker; Matthew Woelk
> Cc: Norman Nahra
> Subject: Gilchrist Park Disturbance
>
> Gentlemen,
>
> We have prepared a report (CR # 20-04062) regarding the behavior of Andrew Sheets in city parks. We are prepared to issue him a city code violation ($25.00) under 16-4 (F) (Breach of Peace under park regulations). Attached is the narrative for the report that I am completing. If you or a squad member come in contact with Andrew Sheets, please issue him a code violation under 16-4 (F) for the incident that occurred on December 20th. Please have the issuing officer complete a supplement under CR 20-04062 regarding the issuance and I will complete the main report. Once he is issued the ordinance violation, please email me along with all other supervisors to make everyone aware that it has been completed so he is not cited again. If you have any questions, do not hastate to call me. Thank you and Happy Holidays to all of you and your families.
>
> Lieutenant Justin Davoult
> Community Services
> *Punta Gorda Police Department*

The city of Punta Gorda has been on notice since 2019 that viewpoint discrimination is not reasonable and is unconstitutional. In 2019 plaintiff did sue the city of Punta Gorda.

> "For that reason, regulating a limited public forum need not be content neutral. E.g., id. at 1225. Instead, restrictions on a limited public forum need only be (1) reasonable and (2) viewpoint neutral." ***Sheets v. City of Punta Gorda, Florida,* No. 2:2019cv00484 - Document 45 (M.D. Fla. 2019)**

Furthermore the city of Punta Gorda was on notice via the landmark case. ***Cohen v. California,* 403 U.S. 15 (1971)** specifically that the word FUCK cannot be criminalized and is not probable cause of a crime.

On 6/07/21 on a public sidewalk located on 326 W Marion Ave. Plaintiff was engaged in a First Amendment protest.

Plaintiff was cited for flying two flags one said Fuck Trump the other one said Fuck Biden. Plaintiff was also wearing a shirt that was critical of the local Police Department. The shirt said Fuck Policing 4 profit.

At approximately 9:02 Am Defendant David Lipker gives Plaintiff a citation under; 9A-13(C)(8)/26-11.5(z) Warning-INDECENT SIGN. Lipker also states that Plaintiff needs to leave; because Plaintiff violated the sign ordinance. Plaintiff submits to the show of Lipker's authority, stops his protest and leaves the public sidewalk.

### First Amendment Retaliation

**Protected Activity**: Plaintiff engaged in political protest on June 7, 2021, displaying flags reading "Fuck Trump" and "Fuck Biden" and wearing a shirt critical of local police ("Fuck Policing 4 Profit").

**Adverse Action**: Defendant Lipker issued a citation under Punta Gorda Ordinance §26-11.5(z) ("Indecent Sign"), ordered Plaintiff to leave the sidewalk, and terminated his protest.

**Causation**: Lipker's enforcement was motivated by Plaintiff's Protest's viewpoint and political message.

**"Nieves exception"** "The Court clarified that to fall within the Nieves exception, a plaintiff must produce objective evidence to prove that his arrest occurred in circumstances where officers typically exercise their discretion not to make arrests." *Gonzalez v. Trevino*, **602 U.S. ___ (2024)**

**Punta Gorda police officers usually do not give citations for individuals carrying flags and or signs**

During the Black lives matter protest 2020 many protesters had signs yet none were cited. (see below)



Abortion protests in 2022 the word fuck clearly visible no citations. (see below)



March for our lives protest 2018, no citations for signs that held political viewpoints.



## City of Punta Gorda

## Monell

9A-13(C)(8)/26-11.5(z) INDECENT SIGN ordinance is a policy of the City of Punta Gorda. This policy is the moving force in Plaintiff's deprivation of constitutional rights.

(Exhibit A) is the Order from "Andrew Bryant Sheets v City of Punta Gorda. Case 21001015CA" on why 26-11.5(z) INDECENT SIGN ordinance is unconstitutional. The following is an excerpt from that order.

"Sheets' Items were political statements critical of local and national leaders and are protected speech, within the rational of what would be protected even under Pacifica.

Other cases support the conclusion that the ordinance is unconstitutional: See, Wood v. Eubanks, 25 F. 4th 414 (6th Cir. 2022)(Fuck the Police shirt); Baker v. Glover, 776 F. Supp. 1511 (M.D. Ala. 1991)(1-800-EAT-SHIT); Spears v. State, 337 So.2d 977 (Fla. 1976)(vulgar language lacking sexual undertones).

Even giving Pacifica (1978), full affect, it appears that Cohen and the more recent cases require the Court to find that the Sign is protected speech.

In sum, Punta Gorda's municipal heart is in the right place but there does not appear to be a constitutionally valid way to protect children from seeing (or displaying!) political signs with the word.

**America has believed that in differentiation, not in uniformity, lies the path of progress. It acted on this belief; it has advanced human happiness, and it has prospered. Louis D. Brandeis**

For the above stated reasons the ordinance does not pass constitutional muster and the Orders are vacated. Done and ordered this 26th day of September, 2022

**Hon. Geoffrey H. Gentile,"**

## City of Punta Gorda INDECENT SIGN ordinance 26-11.5(z)

(z)Any sign which contains obscene language or graphics; and any sign containing fighting words or indecent speech which is legible from any public right of way or within any public space, and with can potential be viewed by children under the age of 17. This provision includes signs or flags in or on any vehicle, vessel or on any apparel and accountrements.

Plaintiff now argues that the ordinance is facially unconstitutional:

**Because it is content based, and Fails Strict Scrutiny.**

**Furthermore it is over broad and vague has been arbitrarily enforced and has a chilling effect on protected speech.**

This INDECENT Sign ordinance has already been deemed unconstitutional.

Punta Gorda city ordinance 9A-13(C)(8)/26-11.5(z) was ruled unconstitutional in two cases: IN THE CIRCUIT COURT OF THE TWENTIETH JUDICAL CIRUIT IN AND FOR CHARLOTTE COUNTY, FLORIDA:

Massey v City of Punta Gorda Case No. 21001014CA

and Andrew Brayant Sheets v City of Punta Gorda. Case 21001015CA

## City of Punta Gorda has recognized that its 9A-13(C)(8)/26-11.5(z) indecent Sign ordinance is Unconstitutional and has taken it off the books

## CLAIM ONE:

## 42 U.S.C. § 1983

### First Amendment – Violation Regarding Free Speech and Press

### Viewpoint Discrimination

### (DAVID JOSEPH LIPKER)

All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

Plaintiff's speech and expression were related to matters of public concern and were a political protest.

Defendant, DAVID JOSEPH LIPKER did Cite Plaintiff Andrew Sheets under 9A-13(C)(8)/26-11.5(z) for the words on Plaintiff's flags and clothing.  While Plaintiff was engaged in a public protest on a public sidewalk.

DAVID JOSEPH LIPKER also gave an unlawful order for plaintiff to leave. This unlawful order combined with the citation did stop plaintiffs protest on a public sidewalk.

Plaintiff protesting on a public sidewalk with the words FUCK trump, FUCK Joe Biden and Fuck policing for profit is free speech,  on signs, flags and or clothing, is expressive activity;  protected by the 1st amendment.

DAVID JOSEPH LIPKER's citation against Plaintiff occurred while Lipker was acting under color of State law.

DAVID JOSEPH LIPKER's conduct violated clearly established rights belonging to Andrew Sheets of which reasonable persons in Defendants' position knew or should have known.

DAVID JOSEPH LIPKER engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

## CLAIM TWO:

## 42 U.S.C. § 1983

## First Amendment – Violation Regarding Free Speech and Press.

## Retaliation

## (DAVID JOSEPH LIPKER)

All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

Plaintiff's speech and expression were related to matters of public concern and were a political protest.

Defendant, DAVID JOSEPH LIPKER did Cite Plaintiff Andrew Sheets under 9A-13(C)(8)/26-11.5(z) for the words on Plaintiff's flags and clothing and tell Plaintiff to leave.  While Plaintiff was engaged in a public protest on a public sidewalk.

DAVID JOSEPH LIPKER did Cite Plaintiff Andrew Sheets under 9A-13(C)(8)/26-11.5(z) and tell plaintiff to leave the public sidewalk. This was retaliation for Mr. sheets 1st amendment protest on the public sidewalk.

DAVID JOSEPH LIPKER actions sought to punish plaintiff for exercising his First Amendment rights; and to silence Mr. sheets future speech, and restrict plaintiff's freedom of expression.

Defendant's retaliatory actions would chill a person of ordinary firmness from engaging in such First Amendment protected activity.

The actions of Defendant's occurred while each was acting under color of State law.

Defendant's conduct violated clearly established rights belonging to Plaintiff of which reasonable persons in Defendants' position knew or should have known.

Defendant engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

# CLAIM THREE:

## 42 U.S.C. § 1983

## 26-11.5(z) INDECENT SIGN ordinance

## Facially unconstitutional policy

## Monell violations

## (CITY OF PUNTA GORDA,)

All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

Defendant was on notice that its policy 9A-13(C)(8)/26-11.5(z) INDECENT SIGN ordinance is and was unconstitutional.

9A-13(C)(8)/26-11.5(z) INDECENT SIGN ordinance is a policy of the City of Punta Gorda. This policy is the moving force in Plaintiff's deprivation of constitutional rights.

Plaintiff was cited under 9A-13(C)(8)/26-11.5(z) because of protected speech located on Plaintiffs flags, signs, and clothing.

This citation did stop Plaintiffs First Amendment protest on the public sidewalk.

City of Punta Gorda employees who engaged in this policy we're acting under the color of law.

Defendant city of Punta Gorda knew or should have known this policy would violate constitutional rights held by plaintiff.

Defendant CITY OF PUNTA GORDA through its procedures, policies, practices, and customs engaged in conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Sheets entitled to compensatory damages from City of Punta Gorda; compensatory and punitive damages from the individual Defendant, DAVID JOSEPH LIPKER and an award of reasonable costs.

11/10/2025

/S/ ANDREW B SHEETS

11408 PEPPERDINE ST

PUNTA GORDA,FL,33955

deprivationofrightsunderlaw@gmail.com

CERTIFICATE OF SERVICE THRU THE COURT SYSTEM 11/10/2025

**DAVID JADON**

Attorney

255 S. Orange Avenue, Suite 750

Orlando, FL 32801

Tel: 407-897-5150

Fax: 407-897-3332

djadon@roperpa.com