**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ANDREW BRYANT SHEETS,

     Plaintiff,

v.                                                                  Case No. 2:25-cv-493-KCD-KRH

DAVID JOSEPH LIPKER,

     Defendant.

_____/

## <u>ORDER</u>

At issue is Plaintiff's Motion to Vacate Further Mediation or, in the Alternative, to Shift Mediation Costs. (Doc. 50). Defendant opposed the Motion. (Doc. 52). Plaintiff asks the Court to waive the mediation requirement in this case or shift the entire cost to Defendant.

In support, Plaintiff asserts that opposing counsel stated Defendant expressed no desire to settle this matter. Plaintiff argues that mediation would be a "procedural formality without substantive function." (Doc. 50 at 3). Defendant counters that Plaintiff chose to file multiple lawsuits, is not proceeding in forma pauperis, and should be expected to bear the obligations that come with prosecuting his cases. (Doc. 52 at 2). As Defendant explained, the choice to settle lies with each party—not with the lawyers themselves.

Plaintiff's arguments fall short. Here's why.

The Case Management and Scheduling Order ("CMSO") referred the case for "mandatory mediation." (Doc. 26 at 7). What's more, the CMSO ordered the parties

to attend the mediation in "a good faith effort to resolve this suit." (Doc. 26 at 7-8).

True, the Court has discretion whether to refer parties to mediation. Fed. R. Civ. P. 16(c)(2)(I); *see also* M.D. Fla. Local R. 4.03; *Abele v. Hernando Cnty.*, 161 F. App'x 809, 813 (11th Cir. 2005) (affirming order to mediate and equally share the cost). Across the Middle District though, civil mediation has long been considered a near universal requirement. *E.g.*, *Chancey v. Hartford Life & Accident Ins.*, 844 F. Supp. 2d 1239, 1241 (M.D. Fla. 2011) ("Accordingly, a party must attend the mediation unless the party can resoundingly argue an extraordinary circumstance."). "As a general matter, this Court is not inclined to excuse compliance with mandatory mediation in civil cases." *Bernath v. Seavey*, No. 2:15–cv–358–FtM–99CM, 2017 WL 564941, at *2 (M.D. Fla. Feb. 13, 2017).

The reason is simple—mediation works. Trained mediators allow parties to discuss their cases in supervised yet confidential settings. This practice gives parties the freedom to resolve hordes of legal disputes on their own terms in an inexpensive and effective fashion. So requiring parties to mediate helps facilitate everyone's obligation "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

While the Court understands that mediations cost money, those figures are peanuts compared to the often eye-watering expenses associated with federal litigation and trials. By way of example, the mere cost of printing necessary trial exhibits alone (which are borne by the losing party) usually exceed a party's share of mediation fees. *See* Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920(3)-(4).

Simply put, mediation is a tried-and-true way to minimize the costs of federal litigation. *E.g.*, *Rafer v. Pursley*, No. 8:09-cv-109-T-33TGW, 2009 WL 1913272, at *1 (M.D. Fla. July 1, 2009) ("While the Court understands the importance of keeping litigation costs down, a meaningful settlement discussion would be the best way to minimize costs."). What's more, those costs get shared evenly by the parties. M.D. Fla. Local R. 4.02(d). As it relates to mediation, therefore, "justifications based on expense are generally not sufficient to excuse court ordered attendance." *Hoffman v. R.F. Grp.*, No. 3:15-cv-29-J-34MCR, 2016 WL 7330620, at *1 (M.D. Fla. Mar. 1, 2016).

In the face of this well-established law and practice, Plaintiff offers no legal support for excusing mediation. Nor has he offered any documentation on his allegations regarding futility. There is simply no good reason offered to excuse this action from mandatory mediation. The Court recognizes that Plaintiff filed multiple cases and some failed to settle at mediation. But each case is different. The Court expects the parties to attend mediation and make good-faith efforts to resolve this action.

Likewise, there is no basis to shift the whole cost of mediation to Defendant. The requirement to mediate in good faith applies to both sides—i.e., Plaintiff and Defendant. After all, settlement is a two-way street. Nothing in this record would support the unilateral payment of mediation fees from either party.

On a final, related note, Defendant requests an award of fees and costs. (Doc. 52 at 3). The Court does not find such an award warranted at this time.

**ORDERED**:

Plaintiff's Motion to Vacate Further Mediation or, in the Alternative, to Shift

Mediation Costs (Doc. 50) is **DENIED**.

In Fort Myers, Florida on May 8, 2026.

_____
Kevin R. Huguelet
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

4